UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHELLE RIGGIO<br><br>       Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br>       Defendant. | Case No. 20-12819<br>Honorable Terrence G. Berg<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 17, 21)**

Plaintiff Michelle Riggio appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- Riggio's motion, ECF No. 17, be **DENIED**;

- the Commissioner's motion, ECF No. 21, be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** under sentence four of 42

U.S.C. § 405(g).

The Court also **RECOMMENDS** that attorney Patrick Carmody, Jr. be **SANCTIONED** and **REFERRED** to the Chief Judge to consider disciplinary proceedings and/or a referral to the Grievance Commission for investigation.

I.   **BACKGROUND**

   A.   **Background and Disability Application**

Riggio was born in July 1973, making her 33 years old on the date last insured, June 30, 2007. ECF No. 13-2, PageID.78. She has relevant past work as a composite job of photographer/manager. *Id*. Riggio alleged disability from PTSD, military sexual trauma (MST), pharyngitis, anemia, and depression. ECF No. 13-3, PageID.174.

After the Commissioner initially denied the disability application at issue,[1] an administrative hearing was held in November 2019 before an ALJ. ECF No. 13-2, PageID.132-171. In a December 2019 decision, that ALJ determined Riggio was not disabled. ECF No. 13-3, PageID.200-212. The Appeals Council vacated that decision, remanding the case to the ALJ because he had erroneously applied res judicata to the period of November

---

[1] A prior application was denied by an ALJ in a December 2012 decision, which Riggio did not appeal. ECF No. 13-3, PageID.186-192; ECF No. 13-2, PageID.69-70.

2

2006 through June 2007, and because he did not adequately evaluate Riggio's mental residual functional capacity (RFC). *Id.*, PageID.219-221.

In June 2020, a different ALJ conducted a second hearing, at which Riggio and a vocational expert (VE) testified. ECF No. 13-2, PageID.86-125. In a written decision that same month, the ALJ found Riggio not disabled. *Id.*, PageID.69-79. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Riggio timely filed for judicial review. *Id.*, PageID.55-57; ECF No. 1.

**B.     The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment

3

or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Riggio was not disabled. At the first step, he found that, excepting one year, Riggio had not engaged in substantial gainful activity from her alleged onset date to her date last insured. ECF No. 13-2, PageID.72. At the second step, the ALJ found that Riggio had the severe impairments of bipolar disorder,

---

[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

4

depression, anxiety, obsessive-compulsive disorder; bulimia nervosa, PTSD, obesity, and headaches. *Id*. He found Riggio's history of alcohol abuse and ADHD to be non-severe impairments. *Id*., PageID.73. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id*., PageID.73-75.

Between the third and fourth steps, the ALJ found that Riggio had the RFC to perform light work as defined by 20 C.F.R. § 404.1527(b), except she can

> occasionally climb ramps and stairs, never ladders, ropes or scaffolds; frequently balance, occasionally kneel, stoop, crouch and crawl, no concentrated exposure to hazards or pulmonary irritants; she is limited simple, routine, repetitive tasks; limited to occasional interaction with a small group of co-workers, where the contact is casual in nature, and occasional, superficial interaction with the public and superficial means that if a member of the public were to approach and ask for direction to the nearest restroom, the claimant would be able to provide such information but that would be the extent of the interaction; the claimant is also limited to a static work environment, tolerating few changes in a routine work setting and when said changes do occur, they would need to take place gradually and would occur infrequently; and the claimant is not able to perform at a production rate pace (e.g. assembly line work) but can perform goal-oriented work (e.g. office cleaner).

*Id*., PageID.75. At the fourth step, the ALJ concluded that Riggio could not perform her past relevant work. *Id.,* PageID.77. At the final step, after considering Riggio's age, education, work experience, RFC and the

testimony of the VE, the ALJ determined that Riggio could perform work in occupations such as assembler, inspector, and packager which exist in significant numbers in the national economy. *Id.*, PageID.79. The ALJ thus found Riggio not disabled. *Id*.

## II. ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotations omitted).

Riggio asserts that the ALJ did not properly assess her personality disorder or panic disorder as impairments and, generally, that his evaluation of the medical evidence was not supported by substantial

6

evidence. The Court disagrees and recommends that the ALJ's decision be affirmed.

## B.

Although Riggio's 40-page brief contains a long recitation of the procedural history, the testimony offered at hearing, the standard of review for disability cases, and the basic legal standard for evaluating disability, it presents a scant two pages of case-specific argument. Even those pages contain only over-generalized arguments, with no meaningful attempt at factual or legal analysis or citations to the record evidence or relevant authority. *Id.* Riggio asserts that the ALJ's failure to consider her personality disorder and her panic disorder shows that he failed to properly consider all of the medical evidence in his determination. ECF No. 17, PageID.7205. She also vaguely argues that the ALJ did not properly assess the medical evidence supporting her many impairments, but she cites no evidence from the record to support the argument. *Id.*, PageID.7205-7206. Riggio's brief states, "It is clear that Ms. Riggio suffers from numerous underlying medical conditions which are fully documented in the record," but it does not provide a single citation to the more than 6,600 pages of that record. ECF No. 17, PageID.7206; ECF No. 13-7-13-21; ECF No. 14.

This Court has no duty to sift through the record in search of evidence to support claims. *See Sharp v. Comm'r of Soc. Sec.*, 2015 WL 5729090, at *6 n.9 (E.D. Mich. Sept. 30, 2015) (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379 (6th Cir. 2007)). Instead, courts in this circuit routinely decline to review issues "adverted to in a perfunctory manner, unaccompanied by some effort at developed argument[]." *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997). "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *Id*. at 995-996 (internal quotation marks omitted). The Court considers this underdeveloped argument supplied on Riggio's behalf is so cursory that it is waived.

Although courts are "loath to simply reject claims and prejudice claimants with potentially meritorious claims," they also have no right to consider and re-weigh all the evidence in the record. *Staples*, 2021 WL 3852744, at *7; *see DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014). Because Riggio has advanced no discernable argument[3] for remand, and "[j]udges are not like pigs, hunting for truffles

---

[3] The brief's reference to the ALJ's failure to consider Riggio's personality disorder and panic disorder as severe impairments is the closest approximation to a cognizable issue presented to court. ECF No. 17, PageID.7205. But an ALJ's failure to assess a condition as a severe impairment is harmless error if he ultimately considers the impairment in

8

that might be buried in the record," Riggio's challenge to the ALJ's decision should be rejected. *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n.1 (6th Cir. 2019) (citation and internal quotations omitted).

**C.**

This Court and many others in this district have repeatedly warned Riggio's counsel, Patrick Carmody, Jr., that his failure to adequately develop argument and to cite evidence on his client's behalf is sanctionable and could lead to a referral to Michigan Attorney Grievance Commission for investigation. *See Getz v. Comm'r of Soc. Sec.*, 2019 WL 2710053, at *3 (E.D. Mich. June 10, 2019), *adopted*, 2019 WL 2647260 (E.D. Mich. June

---

the subsequent steps of the disability determination. *See Kestel v. Comm'r of Soc. Sec.*, 756 F. App'x. 593, 597 (6th Cir. 2018). The ALJ acknowledged Riggio's personality disorder in discussing her borderline and cluster B traits, but found that her ability to get along with her husband and one close friend, as well as to participate well in group therapy indicated that her symptoms from these conditions caused no more than moderate limitations in her ability to interact with others. ECF No. 13-2, PageID.74. The ALJ also addressed her complaints of panic attacks, noting that the treatment records reflected that "claimant was stable and doing well with her treatment, which included Prozac and individual and group therapy." *Id.*, PageID.76. Riggio seems to challenge only the ALJ's failure to consider the severe impairments, which he plainly did consider, and not his assessment of the limitations or restrictions they imposed. Riggio thus fails to show a need for greater limitations, which is her burden. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

27, 2019); *Staples v. Comm'r of Soc. Sec.*, 2021 WL 3852744, at *7 (E.D. Mich. Aug. 9, 2021); *Aun v. Comm'r of Soc. Sec.*, 2020 WL 5223323, at *5 (E.D. Mich. Aug. 3, 2020), *adopted*, 2020 WL 5209366 (E.D. Mich. Aug. 31, 2020); *Swank v. Comm'r of Soc. Sec.*, 2020 WL 1139717, at *4 (E.D. Mich. Mar. 9, 2020).[4]  The *Staples* court identified several other cases, beginning in 2013, in which Carmody presented underdeveloped arguments subject to waiver.  *Staples*, 2021 WL 3852744, at *7 (citing *McAllister v. Comm'r of Soc. Sec.*, 2021 WL 646195, at *2-3 (E.D. Mich. Feb. 1, 2021), *adopted*, 2021 WL 634630 (E.D. Mich. Feb. 18, 2021); *Frazier v. Saul*, 2020 WL 7338562, at *7 (E.D. Mich. Dec. 14, 2020); *Smith v. Comm'r of Soc. Sec.*, 2018 WL 736464, at *12 (E.D. Mich. Oct. 26, 2018), *adopted*, 2019 WL 700096 (E.D. Mich. Feb. 20, 2019); and *Hayes v. Comm'r of Soc. Sec.*, 2013 WL 766180, at *7 (E.D. Mich. Feb. 4, 2013)).

And this Court's survey revealed at least two more recent cases in which Carmody's undeveloped briefing led to a finding of waiver of his clients' arguments.  *See Abadi v. Saul*, 2021 WL 4270370 (E.D. Mich. July 16, 2021), *adopted*, 2021 WL 4264748 (E.D. Mich. Sept. 20, 2021); *Carter v. Comm'r of Soc. Sec.*, 2:20-cv-12802 (E.D. Mich. Jan.18, 2022), *adopted*,

---

[4] All the warnings, besides the one issued in *Staples*, 2021 WL 3852744, at *7, preceded the filing of the brief here.

2:20-cv-12802 (E.D. Mich. Feb. 3, 2022). The admonishments of nearly every magistrate judge in this district and at least one district judge have not curbed Carmody's practice of filing shoddy briefs with cursory, underdeveloped arguments; he has failed to substantially improve his briefing efforts despite these repeated warnings.

Under the Michigan Rules of Professional Conduct, Carmody owes it to his clients represent them with reasonable thoroughness, preparation, and diligence. M.R.C.P. 1.1, 1.3. He does not satisfy those duties when he files such cursory briefing on their behalf.

And courts in this district do not hesitate to sanction attorneys who have been repeatedly criticized for perfunctory and underdeveloped argument, and to refer them to the Chief Judge under Eastern District of Michigan Local Rule 83.22(c)(3) and (e) to determine whether disciplinary proceedings should be initiated or whether the matter should be referred to the Michigan Attorney Grievance Commission for investigation. *See Cason v. Comm'r of Soc. Sec.*, 2016 WL 4546872 (E.D. Mich. Sept. 1, 2016); *Swadling v. Comm'r of Soc. Sec.*, 2015 WL 1511048, at *2 (E.D. Mich. Mar. 24, 2015). Carmody's unabated substandard briefing practices showcase his disregard for judicial economy and the needs of his clients, and his obdurate noncompliance warrants sanctions and referral to the Chief Judge

to consider disciplinary proceedings and/or a referral to the Grievance Commission for investigation.

### III.     CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Riggio's motion for summary judgment, ECF No. 17, be **DENIED**; that the Commissioner's motion, ECF No. 21, be **GRANTED**; that the ALJ's decision be **AFFIRMED**; and that Patrick Carmody, Jr. be **SANCTIONED** and **REFERRED** to the Chief Judge to consider disciplinary proceedings and/or a referral to the Grievance Commission for investigation.

.

                                                           s/Elizabeth A. Stafford
                                                           ELIZABETH A. STAFFORD
Dated: February 4, 2022                  United States Magistrate Judge

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 4, 2022.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
